IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERNEST DAN and ELSIE DAN,
on their own behalf and as parents
and next friends to Eric Dan, a minor,

        Plaintiffs,

vs.                                             No. CIV 01-25 MCA/LFG-ACE

UNITED STATES OF AMERICA et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING AMENDED RESPONSE TO ADMISSION
AND LEAVE TO FILE MOTION OUT OF TIME**

THIS MATTER is before the Court on Defendant United States' motion to amend an answer to a request for admission and for an extension of time to file the motion [Doc. 155]. The motion is opposed. The Court considered the motion, response in opposition and reply and determines that oral argument is not necessary.

The United States of American asks to amend its response to Elsie Dan's January 23, 2002 Request for Admission. Elsie Dan requested that the United States admit the following, "Defendant United States admits that Eric Dan received an overdose of Versed on July 21, 1998." (Request for Admission No. 20).

The United States responded as follows:

> The United States admits that NNMC 45 indicates that Eric Dan received .5 mg. of Versed at 1700, and that NNMC 56 indicates that a dose of Versed was also given at 1820. The United States also admits that NNMC 57 indicates that Eric Dan received 1 mg. of Versed at 1900 on July 21, 1998. The remaining allegations set forth in Request No. 20 are denied.

The United States indicates that, on April 18, 2002, it received copies of pages from the Northern Navajo Medical Center ("NNMC") intensive care unit Versed log sheets covering July 21, 1998. Immediately upon receipt of this document, it faxed a copy to Plaintiffs' counsel and counsel for Staff Relief, Inc.

The United States avers that the Versed log sheets indicate that NNMC Nurse Margaret [Peggy] Lemon administered a total of 1.5 mg. of Versed to Eric Dan on July 21, 1998. The log is consistent with Ms. Lemon's February 7, 2002 deposition. She testified that while she recorded in her nursing notes at 1900 that Eric Dan had been "sedated [with] 1 mg. Versed," she did not give Eric Dan an additional dose at that time. United States also indicates that it did not receive a copy of Ms. Lemon's deposition transcript until March 5, 2002, after it had served its response to Plaintiff's Request for Admission.

The United States now seeks to modify its prior response to reflect the information in the Versed log sheets and Ms. Lemon's deposition transcript as follows:

> The United States admits that at NNMC 45 Nurse Margaret [Peggy] Lemon recorded at 1700 that Eric Dan had been given .5 mg. of Versed, and that at NNMC 56 Ms. Lemon recorded at 1700 and 1820 that doses of Versed had been given to Eric Dan. The United States also admits that at NNMC 57, Ms. Lemon recorded in her nursing notes at 1900 that Eric Dan had been "sedated [with] 1 mg. Versed." During her deposition, Ms. Lemon indicated that she did not give Eric an additional dose of morphine at 1900. See Transcript of Margaret Lemon's Deposition on February 7, 2002, at 60. The Versed log sheets, PL 1831 and PL 1832, indicate that Eric Dan was given a total of 1.5 mg. of Versed. On the Versed log sheets, Peggy Lemon recorded at 1700 that Eric Dan had received .5 mg. of Versed and at 1830 that Eric Dan had received 1.0 mg. of Versed. There are no other entries on PL 1831 and PL 1832 indicating that Eric Dan received doses of Versed. The remaining allegations set forth in Request No. 20 are denied.

(Motion, p. 3-4).

The United States contends that its original response was not accurate and that the current response correctly reflects both the Versed record and Ms. Lemon's deposition transcript. The United States relies on Fed. R. Civ. P. 36(b), and further requests that the Court authorize this motion, notwithstanding the fact that the deadline for filing discovery motions was March 20, 2002.

Plaintiffs strenuously object to the United States' request. The Plaintiffs primarily contend that United States should have produced the Versed logs as initial disclosures and did not. Plaintiffs argue that the United States' own late discovery created this problem, and allowing the revised admission would reward the United States for its discovery failures.

Plaintiffs further note that the United States could have provided the same proposed response in its initial response to the request for admission because Ms. Lemon had given her deposition testimony prior to the time the United States served its answer to Request for Admission No. 20. While the transcribed deposition was not yet prepared, the United States knew of Ms. Lemon's testimony as to this issue.

Finally, Plaintiffs argue that amending the admission does not resolve other conflicts in testimony, specifically, that of Dr. Fogelberg, whose testimony is allegedly contrary to that of Nurse Lemon regarding the amount of Versed given to Eric Dan. Moreover, according to Plaintiffs, the proposed revision does not resolve conflicts in other admissions that Eric Dan was allegedly given an inappropriate amount of Versed in violation of doctor's orders. In sum, Plaintiffs oppose the admission, saying that the United States is benefitting by its late disclosure and that the modification does not resolve other inconsistencies in the evidence.

## Analysis

Rule 36(b) of the Federal Rules of Civil Procedure authorizes correction of errors in admissions:

> A party may move to withdraw or amend an admission. [Kalis v. Colgate-Palmolive Co., 231 F.3d 1049, 1059 (7th Cir. 2000)]. Normally, changed circumstances or honest error will be valid grounds. [*See* ADM Agri-Industries, Ltd. v. Harvey, 200 F.R.D. 467 (M.D. Ala. 2001)]. Amendment or withdrawal will not be allowed where prejudice will result to the opponent from reliance on the admission. [In re Durability, Inc., 212 F.3d 551, 556 (10th Cir. 2000)]. The Court has broad discretion on ruling on motions to withdraw or amend admissions. [Nguyen v. CNA, 44 F.3d 234 (4th Cir. 1995)]; [Rohman v. Chemical Leaman Tank Lines, Inc., 923 F. Supp. 42, 46 (S.D.N.Y. 1996)].

Baker-McKee, Jansen Corr, Federal Civil Rules Handbook (2002), p. 638.

The deposition testimony and the recently obtained Versed log support the modifications of the admission requested by the United States. Thus, the United States' request to amend is supported by evidence. However, amendment of an admission should not be permitted if there is evidence that the opposing party would be prejudiced. In Re Durability, Inc., 212 F.3d at 556. An amendment under such circumstances would be unfair. Here, Plaintiffs do not argue that they would be prejudiced. Instead, they contend that the United States is benefitting by its own failure to make timely disclosures, and that the amendment does not resolve inconsistencies in testimony between Dr. Fogelberg and Nurse Lemon, nor inconsistencies in what Plaintiffs contend are prior admissions that Eric Dan was given an inappropriate amount of Versed.

Neither argument provides a compelling reason to deny the request. Plaintiffs have not demonstrated that they would suffer prejudice as a result of allowing the amendment. Plaintiffs rely on the expert testimony of Dr. Fogelberg to state that excessive Versed was given by Nurse Lemon,

4

and further rely on "other admissions" "[to] support the fact that Eric Dan was given an inappropriate amount of Versed in violation of doctor's orders." (Response, p. 5). Thus, Plaintiffs do not represent that they relied on the United States' erroneous admission to their detriment, and would now be unable to prove their contentions if the Court allows the modification. Plaintiffs are prepared to submit proofs through Dr. Fogelberg that an excessive dosage of Versed was administered to Eric Dan. Thus, Plaintiffs cannot convincingly argue that they are prejudiced if the Court allows the amendment.

Ultimately, a trial should be the search for truth. *See* Rasmussen Drilling, Inc. v. Kerr-McGee Nuclear Corp., 571 F.2d 1144, 1154 (10th Cir. 1978)(trial judge allowed to ask witness questions to ascertain truth.) Truth can best be determined by having the fact finder resolve conflicts in the evidence. Here, the United States demonstrates that its prior admission is not supported by Nurse Lemon's deposition, the transcript of which was not available until after the admission was made. It is for the fact finder to resolve the conflict between Nurse Lemon's testimony and that of Dr. Fogelberg.

The Court concludes that the United States' motion is well-taken and that its prior admission be amended as proposed.

*/s/ Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge