IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNEST DAN and ELSIE DAN,
as parents and next friends
of Eric Dan, a minor,

        Plaintiffs,

vs.                                                   No. CIV 01-25 MCA/LFG-ACE

UNITED STATES OF AMERICA et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF ERNEST DAN'S MOTION TO COMPEL

This medical malpractice lawsuit was brought by Ernest Dan and Elsie Dan, on their own behalf and as parents and next friends of their minor child Eric Dan. Thus, there are three distinct Plaintiffs: the incapacitated child, whose claims are prosecuted by his parents, and Mr. and Mrs. Dan, each of whom brought a separate claim on their own behalf for loss of consortium.

The present motion to compel is brought by Ernest Dan and involves a set of interrogatories he served on May 30, 2002 [Doc. 164]. The motion is opposed.

### Prior Discovery Disputes

The discovery disputes between the parties in this litigation have been significant and have included multiple requests to impose sanctions. A partial discussion of the discovery dispute is necessary to explain the Court's present ruling.

At the Fed. R. Civ. P. 16 conference conducted in this case, the Court adopted the parties' Joint Provisional Discovery Plan which placed a thirty-interrogatory limit on the parties. That is, thirty questions, including sub-parts, were authorized. This numerical limitation is consistent with

the goals of the Civil Justice Reform Act ("CJRA"), 28 U.S.C. § 471 *et seq.*, which are to expedite the ultimate disposition of litigation and to reduce the costs of litigation. To implement the goals of the CJRA, the Federal Rules of Civil Procedure were amended to "dovetail" with the CJRA. Rule 33(a) of the federal rules now includes a limitation on discovery: "Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number . . . ." Prior to this amendment, no limitations on interrogatories were imposed by the federal rules. Here, the parties agreed to exceed by five the maximum number of interrogatories authorized by the federal rule; the Court, in turn, approved the parties' agreement.

Notwithstanding the numerical limitation imposed by the rules, the parties' agreement and by the Court (and without seeking leave to exceed the number of interrogatories authorized), Elsie Dan filed a set of interrogatories that exceeded by far the maximum number permitted. Many of Mrs. Dan's interrogatories were compound questions and included multiple sub-parts. In total, the interrogatories served exceeded the 30-interrogatory limit.

When Defendant objected, the Court agreed that the interrogatories were not in accord with the Court's order or the numeric limitations imposed by the rules and sustained Defendant's objections.

As the complete set of interrogatories actually served and the complete set of interrogatories answered were not before the Court, the Court authorized Mrs. Dan to serve a new set of interrogatories limited to the difference between the number of interrogatories previously answered by the United States, and the number thirty. The Court's order provided an example, "[i]f the USA had answered only twenty interrogatories, Mrs. Dan could serve a second set limited to ten questions." [Doc. 152, p. 2].

In fact, more than 30 interrogatories had already been answered. Again, notwithstanding a clear admonition, both Ernest and Elsie Dan filed a second set of interrogatories seeking responses to thirty questions. When the United States again objected, the Court sustained the objection, finding that Ernest and Elsie Dan's second set of interrogatories violated the Court's directive and, therefore, did not require the United States to answer the additional interrogatories propounded by Mrs. Dan. The United States' objections prompted Plaintiffs to file a motion for sanctions which was denied on April 22, 2002 [Doc. 138].

Shortly thereafter, Plaintiff Ernest Dan filed a set of interrogatories. The United States objected to the interrogatories and moved to strike, stating that the 30-interrogatory numerical limitation had again been exceeded because Ernest and Elsie Dan had previously served thirty interrogatories. Plaintiffs responded to the motion to strike and successfully argued that Ernest Dan was a plaintiff in his own right and was entitled under Rule 33(a) to file a set of interrogatories. Plaintiff cites Rule 33(a), which reads, "any party may serve upon any other party written interrogatories . . . ," and further argued that the prior set of interrogatories were served by Elsie Dan, and Ernest Dan should not be barred from service of his own interrogatories because of her prior set. The Court agreed with Plaintiffs' argument and overruled Defendant's objection. The Court stated:

> In the first wave of discovery, only Plaintiff Elsie Dan served interrogatories. However, each party is entitled to serve a set of interrogatories. Thus, after the Court's order limiting discovery, Ernest Dan filed a set of interrogatories. The USA did not respond to the interrogatories served by Ernest Dan, believing that the Court's order limited both Plaintiffs to one set of interrogatories totaling thirty. While the Court's order may legitimately be read to justify that position, that was not the Court's intent. Each Plaintiff was entitled to serve a set of interrogatories limited to a total of thirty questions.

3

(Order, Doc. 152, p. 2).

Following the Court's order, objections to the interrogatories were filed by the United States, and Ernest Dan subsequently filed a motion to compel. It is that motion which is now before the Court.

## **Analysis**

Subsequent to the service of interrogatories and, indeed, the filing of the motion, the trial judge granted Defendant's motion to dismiss the claims of Plaintiffs Ernest and Elsie Dan filed on their own behalf [Doc. 208]. Thus, of the three original Plaintiffs, Ernest Dan, Elsie Dan, and Eric Dan (whose claim was being prosecuted by both Ernest and Elsie Dan), only Eric Dan remains as a party.

Plaintiffs' justification for Ernest Dan's interrogatories was based, in part, on his separate claims against the United States. As a party, he was entitled to proceed with formal discovery, including service of interrogatories. However, his claims on his own behalf have now been dismissed, and those claims have clearly been dismissed with prejudice.

> Plaintiffs' arguments are without merit. Case law clearly establishes that if there are multiple claimants in the matter, each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim. See Muth v. United States, 1 F.3d 246, 249 (4th Cir. 1993)(concluding that spouse, failing to assert her administrative claim, is barred from bringing such a claim at a later time); see also Pipkin v. United States Postal Services, 951 F.2d 272, 273 (10th Cir. 1991)(concluding that a spouse failing to assert her individual administrative claim is barred from bringing such a claim at a later time) [other authorities omitted].

(Judge Armijo's Order, pp. 5-6).

The first set of interrogatories served in this case [Docs. 53, 54] were served by both Ernest Dan and Elsie Dan (*see* Doc. 54, introductory paragraph). Thus, while Ernest Dan remains in this lawsuit as the parent and representative of his son, he has previously served interrogatories in that capacity. He and his spouse Elsie already served a set of interrogatories. The present motion concerns a set of interrogatories served on his own behalf. As he is no longer a party to the proceedings as an individual claimant, his motion to compel is now moot. He no longer qualifies as a party under Rule 33.

When a party or a claim is dismissed from a lawsuit, discovery motions related to that claim or party are rendered moot. Kellan v. Holster, 518 F. Supp. 175, 179 (M.D. Fla. 1981); Vickers v. Gray & Co., 761 F. Supp. 37, 39 (E.D. Tex. 1991); Nalco Chem. Co. v. Hydro Techs., Inc., 148 F.R.D. 608, 615 (E.D. Wis. 1993).

The Court's dismissal of Ernest Dan's claims obviates the need for any further response to Ernest Dan's interrogatories. Since he is no longer a party with an individual claim, he can no longer engage in individual discovery pursuant to Rule 33(a), and to the extent that he remains a party as a representative of his son, he has expended the full measure of interrogatories authorized by the Court's order.

Accordingly, the Court denies the motion to compel.

                                                                */s/ Lorenzo F. Garcia*
                                                                Lorenzo F. Garcia
                                                                United States Magistrate Judge